# 25-2413

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

————————————————————

DAVID J. NASTRI, ESQ.

*Plaintiff-Appellant,*

v.

COMMISSIONER KATIE DYKES,

*Defendant-Appellee.*

————————————————————

On Appeal from the United States District Court
for the District of Connecticut

————————————————————

## MOTION FOR LEAVE TO FILE BRIEF AND APPENDIX OF EVERYTOWN FOR GUN SAFETY AS AMICUS CURIAE IN SUPPORT OF DEFENDANT-APPELLEE AND AFFIRMANCE

————————————————————

Janet Carter
William J. Taylor, Jr.
Everytown Law
450 Lexington Avenue,
P.O. Box 4184
New York, NY 10163

Sana S. Mesiya
Everytown Law
P.O. Box 14780
Washington, DC 20044
smesiya@everytown.org
(202) 517-6620

April 22, 2026

## CORPORATE DISCLOSURE STATEMENT

Everytown for Gun Safety (formally, Everytown for Gun Safety Action Fund) has no parent corporations. It has no stock; hence, no publicly held company owns 10% or more of its stock.

Pursuant to Federal Rules of Appellate Procedure 27 and 29, and Second Circuit Local Rule 27.1, Everytown for Gun Safety ("Everytown") respectfully moves for leave to file an amicus brief and appendix of historical laws in support of Defendant-Appellee and affirmance.[1] If granted leave, Everytown will file the brief and appendix attached to this motion as Exhibit A and Exhibit B.[2] Plaintiff-Appellant did not respond to undersigned counsel's inquiry regarding consent to Everytown's amicus brief and appendix.[3] Defendant-Appellee consents to the filing of the amicus brief and appendix.

## INTEREST OF AMICUS CURIAE

Everytown is the nation's largest gun-violence-prevention organization, with nearly eleven million supporters across the country. Everytown was founded in 2014 as the combined effort of Mayors

---

[1] No party's counsel authored the brief in whole or part; no party or party's counsel contributed money intended to fund its preparation or submission; and, apart from Everytown, no person contributed money intended to fund its preparation or submission.

[2] Exhibit B has been divided into three files so as to not exceed this Court's limit of ten megabytes in size for electronic filings.

[3] Undersigned counsel emailed Plaintiff-Appellant's counsel on two occasions—once on April 20 and again on April 21—regarding whether he consented to Everytown's amicus brief and appendix and did not receive a response.

Against Illegal Guns, a national, bipartisan coalition of mayors combating illegal guns and gun trafficking, and Moms Demand Action for Gun Sense in America, an organization formed after a gunman murdered twenty children and six adults at an elementary school in Newtown, Connecticut. Everytown also includes a large network of gun-violence survivors who are empowered to share their stories and advocate for responsible gun laws, as well as a national movement of high school and college students working to end gun violence.

Over the past several years, Everytown has devoted substantial resources to researching and developing expertise in historical firearms regulation. Everytown has drawn on that expertise to file more than 100 amicus briefs in Second Amendment and other firearms cases, offering historical and doctrinal analysis, as well as social science and public policy research, that might otherwise be overlooked. This Court and others have expressly relied on Everytown's amicus briefs in deciding Second Amendment and other firearms cases. *See, e.g.*, *Antonyuk v. James*, 120 F.4th 941, 1022 n.89, 1023 n.90 (2d Cir. 2024), *cert. denied*, 145 S. Ct. 1900 (2025); *Ass'n of N.J. Rifle & Pistol Clubs, Inc. v. Att'y Gen. N.J.*, 910 F.3d 106, 112 n.8 (3d Cir. 2018); *Rupp v.*

*Becerra*, 401 F. Supp. 3d 978, 991-92 & n.11 (C.D. Cal. 2019), *vacated and remanded*, No. 19-56004, 2022 WL 2382319 (9th Cir. June 28, 2022); *see also Rehaif v. United States*, 588 U.S. 225, 255 n.4,  257 n.7 (2019) (Alito, J., dissenting); *cf. Goldstein v. Hochul*, No. 1:22-cv-08300, 2022 WL 22915988 (S.D.N.Y. Oct. 19, 2022) (reasoned order granting Everytown's motion for leave to file amicus brief in post-*Bruen* Second Amendment challenge).

## DESIRABILITY AND RELEVANCE OF AMICUS BRIEF AND APPENDIX

***Amicus Brief.*** Everytown respectfully submits that its brief will assist the Court by providing additional analysis regarding the methodology for Second Amendment cases in the wake of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022) and *United States v. Rahimi*, 602 U.S. 680 (2024). *First*, the brief provides important context on the history of wilderness parks, which grew out of the same ideals that inspired the urban parks movement of the 1800s and embraced firearms prohibitions at or very quickly after their creation. *Second*, Everytown's brief addresses Plaintiff's historically inaccurate theory that sensitive places are defined by comprehensive, government-provided security and explains why this Court should reject it. *See, e.g.*,

3

*Schoenthal v. Raoul*, 150 F.4th 889, 909-10 & nn. 16-18 (7th Cir. 2025), *cert. denied*, No. 25-541, 2026 WL 922526 (U.S. Apr. 6, 2026).

***Appendix***. Everytown respectfully submits that its appendix will assist the Court by providing additional historical evidence supporting the constitutionality of Connecticut's parks regulation. *Cf. Antonyuk*, 120 F.4th at 988 n.37, 1023 n.90 (relying on additional historical laws and ordinances submitted by amici). In addition to the numerous laws presented by the State, *see* PA:502-15, 549-62, 566; DA:22-37, undersigned counsel compiled additional examples in the attached appendix, which contains a total of fifty-six parks laws. The appendix contains a table identifying these additional historical authorities with citations and hyperlinks to the primary sources and also includes excerpts of the historical laws for the Court's convenience. Everytown respectfully submits that a more fulsome record will aid the Court in resolving the important constitutional issue presented in this case.[4]

---

[4] This Court has previously accepted appendices filed by amici. *See 20230930-DK-Butterfly-1, Inc. v HBC Investments LLC*, No. 25-2728 (2d Cir. Mar. 5, 2026), Dkt. 28.1 (granting motion by amicus seeking leave to file appendix to its amicus curiae brief); *New York v. Mountain Tobacco Co.*, No. 17-3198 (2d Cir. Jan. 23, 2019), Dkt. 199 (granting motion by amicus to file supplemental appendix).

This Court has made clear that "considering historical laws not presented by the parties" is permissible. *United States v. Vereen*, 152 F.4th 89, 101 n.3 (2d Cir. 2025), *cert. denied*, No. 25-6198, 2026 WL 79986 (U.S. Jan. 12, 2026). That is "[b]ecause the Second Amendment analysis is a legal inquiry into the text and history related to the relevant regulation," and thus such laws can serve as "additional legal support for [the government's] arguments on appeal." *United States v. Bullock*, 123 F.4th 183, 185 (5th Cir. 2024), *cert. denied*, 146 S. Ct. 255 (2025); *see also United States v. Mitchell*, 160 F.4th 169, 189 (5th Cir. 2025) (rejecting argument that the court was constrained "'to the historical analogues' offered by the government below" in conducting the *Bruen-Rahimi* analysis (citation omitted)), *petition for cert. filed*, No. 25-935 (U.S. Feb. 6, 2026); *United States v. Alaniz*, 69 F.4th 1124, 1129 n.1 (9th Cir. 2023) (similar).

## CONCLUSION

Everytown respectfully requests that this Court grant it leave to file the amicus brief and appendix submitted concurrently with this motion.

Dated: April 22, 2026

Respectfully submitted,

/s/ Sana S. Mesiya
Sana S. Mesiya
Everytown Law
P.O. Box 14780
Washington, D.C. 20044
202-517-6624
smesiya@everytown.org

Janet Carter
William J. Taylor, Jr.
Everytown Law
450 Lexington Avenue, P.O. Box 4184
New York, NY 10163

*Counsel for amicus curiae*
*Everytown for Gun Safety*

6

## CERTIFICATE OF COMPLIANCE

I hereby certify that this response complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because this motion contains 998 words and complies with the typeface and type style requirements of Fed. R. App. P. 27(d)(1)(E) because this response has been prepared in proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

Dated: April 22, 2026             Respectfully submitted,

                                  /s/ Sana S. Mesiya

                                  *Counsel for amicus curiae*
                                  *Everytown for Gun Safety*

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Motion for Leave to File Brief and Appendix of Everytown for Gun Safety as Amicus Curiae in Support of Defendant-Appellee and Affirmance, and the accompanying amicus brief and appendix, on all parties via CM/ECF.

Dated: April 22, 2026        Respectfully submitted,

/s/ Sana S. Mesiya

*Counsel for amicus curiae*
*Everytown for Gun Safety*

8